IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE R. GOINS, | ) | |
| Plaintiff, | ) | Civil Action No. 12-55 Erie |
| | ) | |
| v. | ) | District Judge Ambrose |
| | ) | |
| PETER LONGSTREET, | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendant's motion for judgment on the pleadings [ECF No. 17] be granted. It is further recommended that Plaintiff's motion to amend/correct the complaint [ECF Nos. 19, 22, and 29] should be denied as futile. The Clerk of Courts should be directed to close this case.

All other pending motions should be dismissed as moot.

**II.   REPORT**

  **A.  Relevant Procedural History**

This case was filed in this Court on February 23, 2012, by way of removal from the Erie County Court of Common Pleas. Defendant Longstreet, the only remaining defendant in the County case, initiated the removal action.

In Plaintiff's original complaint filed in the Erie County Court of Common Pleas, he alleged multiple constitutional and civil rights violations against Jeffrey A. Beard, (then the

1

Secretary of the Department of Corrections), Raymond Sobina (SCI-Albion Superintendent), Richard Hall and Nancy Giroux (SCI-Albion's two Deputy Superintendents), Michael Clark (identified as "classification program manager"), Steven Reilly (DOC psychologist), and Dr. Peter Longstreet (Psychiatrist and the current Defendant). ECF No. 7-1. All allegations center around the events that occurred on July 30, 2009, when Plaintiff claims he was wrongfully placed into a Special Management Unit[1] at SCI-Fayette. Id. at ¶ 12.[2] Plaintiff alleges that he "was unlawfully and falsely placed in the SMU program and became vulnerable to committing suicidal actions by cutting my wrist and was otherwise injured." ECF No. 7-1, page 10, ¶ 22.

After the case was removed to this federal court, Plaintiff moved to amend his complaint. ECF No. 3. In his proposed amended complaint, Plaintiff sought to add 26 new defendants [ECF No. 3-1 pg. 2], five of whom had already been dismissed from the case by the County Court. ECF No. 8-41. This Court issued an Order denying the motion for leave to amend [ECF No. 9] and instead issued a Case Management Order on the case as removed [ECF NO. 10].

On August 2, 2012, Plaintiff filed another motion for leave to file an amended complaint. ECF No. 13. By Text Order dated September 11, 2012, this Court denied that motion as the proposed amended complaint was a completely new complaint. The Order admonished: "If Plaintiff wishes to abandon the current claim against Defendant Longstreet as suggested by the

---

[1] The Special Management Unit was developed by the Department of Corrections to provide a high level of security and control to seriously disruptive and violent inmates and to focus on restoring these inmates to stable participation within the general population of a correctional institution.

[2] All Defendants, except Dr. Longstreet, filed preliminary objections to Plaintiff's complaint. ECF No. 8-1, pg. 6, State Court Docket Sheet. On June 8, 2011, the Correctional Defendant's preliminary objections were sustained and the Correctional Defendants were dismissed from the case. ECF No. 8-41.

2

lack of allegations against him in the proposed amended complaint, then Plaintiff may voluntarily dismiss this action and file a new one." Id. [3]

Instead, Plaintiff filed a motion to compel discovery. ECF No. 21. After a hearing held on December 10, 2012, this Court denied Plaintiff's motion without prejudice to Plaintiff's right to bring the motion again after the pending motion for judgment on the pleadings is revolved. ECF No. 31. During the hearing, Plaintiff made a verbal motion for discovery of his mental health records and that motion was also denied without prejudice. Id. Plaintiff appealed these rulings to District Judge Ambrose, who overruled Plaintiff's objections. ECF Nos. 32, 33.

Defendant Longstreet has moved for judgment on the pleadings. This motion is fully briefed and is ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read

---

[3] Plaintiff is infamous in this Court as a frequent filer. He has commenced at least ten actions in this Court, five petitions for writ of habeas corpus and five separate civil rights actions: Goins v. Gillis, Civil Action No. 04-1300P; Goins v. Beard, C.A. No. 08-1037P; Goins v. Commonwealth of Pennsylvania, C.A. No. 09-913P; Goins v. Beard, C.A. No. 09-1484P; Goins v. Kanai, C.A. No. 07-72P; Goins v. James, C.A. No. 07-460P; Goins v. Cassidy, C.A. No. 10-112P; Goins v. Coleman, C.A. No. 10-652P; Goins v. McDaniel, C.A. No. 10-1102P; and Goins v. Beard, C.A. No. 09-1223P.

3

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion for Judgment on the Pleadings

Defendant Longstreet has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Rule 12(b)(6). See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). The Court will accept the factual allegations as true and draw all reasonable inferences presented in the pleadings in the light most favorable to the plaintiff. Erickson v. Pardus, 554 U.S. 89, 93-94 (2007); Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its fact," a complaint will survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), or a motion for judgment on the pleadings, Turbe, 938 F.3d at 428.

The only difference is that on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the answer and written instruments attached to the pleadings. 2 James Wm. Moore et al., Moore's Federal Practice-Civil ¶ 12.38 (2010). The court should

consider the allegations in the pleadings, the attached exhibits, matters of public record, and "undisputedly authentic" documents if plaintiff's claims are based on such documents. See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.3d 1192, 1196-97 (3d Cir.1993).

A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12(b) (6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

5

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. The Prison Litigation Reform Act

#### 1) The Exhaustion Requirement

Defendant Longstreet argues for judgment on the pleadings based upon Plaintiff's failure to comply with the exhaustion requirements of the Prison Litigation Reform Act. Defendant has attached numerous pages of exhibits in support of his motion for judgment on the pleadings.[4]

The PLRA, 42 U.S.C. §1997e(a), provides that:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306

---

[4] The use of these exhibits by this Court does not convert the motion for judgment on the pleadings into a motion for summary judgment. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[5] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[6]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to

---

[5] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[6] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

7

prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). See also Spruill, 372 F.3d at 231 (having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3. Analysis of Exhaustion

Plaintiff has filed four separate grievances that could be liberally construed as involving his placement in the SMU. Each will be addressed in turn.

### *Grievance Number 292431*

Plaintiff filed Grievance Number 292431 on October 15, 2009. ECF No. 18-1, page 82 (illegible). Plaintiff filed an Appeal of this grievance to the Superintendent on October 27th seeking "to have access to inspect SMU packet and reproduction of copies of." ECF No. 18-1, page 78. Superintendent Coleman's response indicated: 1) that Plaintiff's grievance about his placement in the SMU on August 5th was untimely, and 2) the request for a copy of the SMU Referral Packet was denied due to the "confidential nature of the information in the packet." ECF No. 18-1, page 83. Plaintiff filed a final appeal to the Central Office which upheld the response of the Superintendent and indicated that "according to legal counsel, the Department of Corrections has no obligation to supply you this documentation as it contains confidential secure information." ECF No. 18-1, page 76.

The subject matter of this grievance is limited to a request for the SMU Referral Packet and does not grieve the SMU placement itself. Accordingly, although this grievance has been presented through all levels of the administrative remedy process, it does not exhaust his claim against Defendant Longstreet.

### *Grievance Numbers 288836 and 295205*

Plaintiff filed Grievance Numbers 288836 and 295205 in September and November of 2009, grieving his placement in the SMU program, and seeking a transfer to SCI-Graterford and

9

the expungement of the SMU Referral Packet. ECF No. 18-1, pages 62-74. These grievances were dismissed at the final level of review due to Plaintiff's failure to provide the Central Office with the required documentation for proper review. ECF No. 18-1, page 62. Although Plaintiff has technically presented these grievances through all three levels of review, he did not do so properly in accordance with Department of Corrections' policy. See Oliver v. Beard, 2011 WL 4565787, at *7 (M.D.Pa. Sept.29, 2011) ("Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."); see also Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

### *Grievance Number 309911*

Finally, Plaintiff filed Grievance Number 309911 in February of 2010, again seeking copies of the SMU Referral Packet, as well as the names and addresses of staff members who made the SMU determination. Plaintiff presented this grievance through all three levels of review. ECF No. 18-1, pages 54-61. For the same reasons as in the first grievance, this grievance is not sufficient to have exhausted the present claims as it addresses the Referral Packet and not the claim against Defendant Longstreet. See supra.

As Plaintiff has failed to exhaust his administrative remedies as to the claims presented against Defendant Longstreet in this case, Defendant Longstreet should be entitled to judgment on the pleadings.

10

### D. Futility of Amendment

Presently pending before this Court are three separate motions for leave to file an amended complaint. ECF Nos. 19, 22, and 29.

In his Motion to Amend/Correct [ECF No. 19, filed September 5, 2012], Plaintiff seeks to add many new Defendants, some of whom were original Defendants to this action dismissed at the preliminary objection stage.[7] In addition, Plaintiff lists the date of the event complained of as September 5, 2012 (the date of the filing of the motion), and alleges violations of his constitutional and statutory rights based upon his SMU placement.

In his Motion to Amend/Correct filed a few days later [ECF No. 22], Plaintiff seeks to add the same Defendants, lists an event date of September 17, 2012 (again, the date of the filing of the motion), and alleges violations of his constitutional and statutory rights based upon his SMU placement.

In the final Motion to Amend/Correct [ECF No. 29, filed on November 21, 2012], Plaintiff only mentions current Defendant Longstreet and lists the date of event as "11/20/12 and continuing." Again, Plaintiff makes allegations of constitutional and statutory violations stemming from his continuing placement in the SMU program.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[7] Besides Defendant Longstreet, Plaintiff seeks to add the following as Defendants: Jeffrey Beard; J.Barry Johnson; Raymond Moore; Andrea Priori-Meintel; Richard Ellers; Dorina Varner; James Barnacle; Suzanne Hueston; Raymond Sobina; Melinda Adams; Richard Hall; Nancy Giroux; Robert Gilmore; Ronald Bryant; Michael Clark; Steven Reilly; Wendell Patz; Mary Beth Anderson; Sara Cody; Christopher Mevre; D.A. Showers; Toni Daniel; Brian Coleman; Rhonda House; Steven Gates; Michael Zakin; William Leggett; Sherwood Hughes; Peter Saavedra; Brenda Lucci; Gary Gallucci; Louis Botelli; Carl Walker; and Stephen Buza.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, falsity of amendment, etc. – the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).

Where a plaintiff's proposed amended complaint attempts to revive claims against previously dismissed defendants, it will be deemed futile and rejected. See, e.g. Martin v. Engelman, 2011 WL 2436127 (N.D. Ind. 2011) (amended complaint futile when it "attempts to resurrect a plethora of claims that were previously dismissed …."); Zerman v. E.F. Hutton & Co., 628 F.Supp. 1509, 1513 (S.D.N.Y.1986) (*pro se* plaintiff's attempt to rejoin previously dismissed defendants was denied); Crenshaw v. Hamilton, 2012 WL 1565696 (W.D.N.Y. 2012) (the plaintiff should "not be permitted to add defendants and resurrect claims that have been previously dismissed on the merits").

Because Plaintiff tries to revive claims against previously dismissed defendants and alleges no new violations of his civil rights, Plaintiff's motions to amend his complaint should be denied on the grounds that they are futile. See Fed.R.Civ.P. 15. Furthermore, nothing in any of the proposed amended complaints can overcome Plaintiff's failure to exhaust his claim, which makes any amendment futile as well.[8]

III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion for judgment on the pleadings [ECF No. 17] be granted. It is further recommended that Plaintiff's

---

[8] Any amendment may also be futile based upon an earlier case in which Plaintiff contested his SMU placement as one of a number of other issues. See Goins v. Beard, C.A. No. 09-1223P (which named Defendants Beard, Sobina, Hall, Giroux, Clark, Reilly, Daniel and Jones).

12

motion to amend/correct the complaint [ECF Nos. 19, 22, and 29] should be denied as futile. The Clerk of Courts should be directed to close this case.

All other pending motions should be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February13, 2013